UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**ROBYN T. WINDSOR** and
**FRANCIS S. WINDSOR**,

    Plaintiffs,

    v.                                                         Case No. 22-CV-734-SCD

**STATE FARM FIRE AND CASUALTY COMPANY,**

    Defendant.

---

### ORDER GRANTING DEFENDANT'S MOTION TO APPOINT AN UMPIRE AND DENYING PLAINTIFFS' MOTION TO APPOINT AN UMPIRE

---

    This diversity action arises from a dispute between State Farm Fire and Casualty Company and its policyholders, Robyn and Francis Windsor, concerning damage the Windsors' home incurred due to blasting at a neighboring property. After State Farm rejected the Windsors' demand for appraisal under their insurance policy, the Windsors filed this action seeking to compel appraisal. *See* ECF No. 1. I granted the Windsors' motion for declaratory judgment and directed the parties to follow the appraisal procedure set forth in the policy. *See* ECF No. 31. Each party selected an appraiser but, after inspecting the property, the appraisers failed to agree on the amount of the loss. The appraisers also failed to agree on an umpire who can resolve their differences, so the parties have asked the court to appoint one for them. *See* ECF Nos. 32, 36.

    State Farm first argues that the Windsors' motion must be denied because they failed to comply with the terms of the insurance policy. The policy provides that, if the two appraisers fail to agree on the amount of the loss and are unable to agree on an umpire, then

either party "may make a written application for a judge of a court of record in the same state and county . . . where the *residence premises* is located to select an umpire." ECF No. 15-1 at 33 (emphasis in original). The policy further provides that "the party requesting the selection [of an umpire] must provide the other party: (a) written notice of the intent to file, identifying the specific location and identity of the court at least 10 days prior to submission of the written application; and (b) a copy of the written application." *Id.* State Farm contends that the Windsors failed to comply with the 10-day notice requirement.

The Windsors insist that the parties agreed to modify or waive the notice requirement. On February 26, 2024, State Farm's lawyer recommended that, to resolve the umpire issue, each party file a motion with this court no later than March 8, 2024. *See* ECF No. 32-2. The Windsors' lawyer suggested that an expedited joint motion would be better, with each party submitting a short declaration from their appraiser. *See* ECF No. 32-1. After hearing no reply from State Farm's lawyer, *see* ECF No. 32 at 4 n.2, the Windsors filed their motion on February 29, 2024, as contemplated by State Farm's proposal. The Windsors also note that neither party complied with the policy's requirement to provide the other party a copy of their written application. So, if the notice provision was not modified or waived, then the Windsors say State Farm's motion would also be deficient.

The parties agree that a court-appointed umpire is needed to resolve their appraisal dispute, and the most efficient and cost-effective way to do that is to decide the motions as filed. State Farm cannot genuinely complain that it was surprised by or suffered any prejudice from the Windsors' filing. The parties discussed the umpire issue at length, and the Windsors ultimately submitted a motion *as State Farm proposed and within State Farm's proposed deadline*. Thus, the parties appear to have agreed to modify or waive the notice requirement set forth in

2

the insurance policy. Even if the parties did not intend to modify that provision, all that would mean is that the Windsors would have to resubmit their motion. (State Farm has now had at least 10 days' notice of the Windsors' intent to file and has received a copy of the Windsors' written application.) Deciding both motions now will avoid that unnecessary delay.

The insurance policy provides little guidance on who may serve as an umpire. It says that the umpire should be both "competent" and "disinterested." ECF No. 15-1 at 33. More specifically, to qualify as an umpire, a person must be "an engineer or architect with experience and training in building construction, repair, estimating, or investigation of the type of property damage in dispute," "an adjuster or public adjuster with experience and training in estimating the type of property damage in dispute," or "a contractor with experience and training in the construction, repair, and estimating of the type of property damage in dispute." *Id.* at 34. The umpire must also be "licensed or certified as required by the applicable jurisdiction." *Id.* A person may not serve as an umpire if he (or his employee, his employer, or an employee of his employer) "has performed services for either party with respect to the claim at issue" or "has a financial interest in the outcome of the claim at issue." *Id.*

The Windsors request that I appoint either Jayson Zokan, owner of D & K Builders and Remodeling (located in New Berlin, Wisconsin), or Steve Marino, owner of MW Fire & Water Restoration (located in Wind Lake, Wisconsin). According to the Windsors, both have substantial experience in the construction, repair, and estimating of the type of property damage at issue here. They also say that neither Zokan nor Marino has performed any services with respect to the appraisal claim, neither has a financial interest in the outcome of the appraisal claim, and neither has had any relationship with the Windsors, the Windsors'

3

experts, or the Windsors' lawyers. State Farm challenges the expertise of the Windsors' proposed umpires, noting that Marino's company specializes in restoration work following water or fire damage and that little is known about Zokan's experience with the type of property damage in dispute.

State Farm requests that I appoint Robert T. Merkel, a senior project engineer with Forensic Engineering Company (whose office is in Milwaukee, Wisconsin). Merkel has nearly twenty years of experience in forensic engineering and structural design, including designing structural systems for numerous commercial buildings and structural repairs and alterations to many existing properties. This experience includes seismic evaluations in Los Angeles. The Windsors do not take issue with Merkel's competence or experience. Rather, they object to the involvement of another engineer, as several other engineers have inspected the home already and been unable to fully assess the loss. According to the Windsors, the time for theory and conjectural concepts has passed; what's needed is someone who can assess the loss based on "*actual* estimates of *actual* costs by *actual* contractors who perform and warrant *actual* construction work in the vicinity of their home." ECF No. 32 at 3.

After careful consideration of the parties' submissions, I will appoint Merkel to serve as umpire in this appraisal dispute. All three candidates appear to have significant experience in their industry, and there's no reason to question their objectivity. The slight edge, however, goes to Merkel given his engineering and structural design background. Although the parties' dispute will undoubtedly involve questions about construction costs, an engineer—particularly one with seismic experience—will be equipped to adjudicate the entire amount of loss. And, although the actual repair likely would be performed by a contractor, he'd likely need to rely on an engineer to first design a sound protocol. Thus, considering the

4

scope of the parties' dispute, I believe that a structural engineer like Merkel is best positioned to assess the appraisers' differences.

Accordingly, the court **GRANTS** the defendant's expedited non-dispositive motion to appoint an umpire, ECF No. 36, and **DENIES** the plaintiffs' expedited non-dispositive motion to appoint an umpire, ECF No. 32. The court **APPOINTS** Robert T. Merkel to serve as an umpire in accordance with the appraisal procedure set forth in the insurance policy.

**SO ORDERED** this 10th day of April, 2024.

_____
STEPHEN C. DRIES
United States Magistrate Judge